■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL SHERWOOD KINNEY, Appellant.— Judgment unanimously modified on the law and facts in accordance with the memorandum herein, and as modified affirmed. Memorandum: On November 10, 1961 defendant then about 25 years of age, pleaded guilty to three counts of an indictment accusing him of endangering the life and health of a child contrary to section 483 of the Penal Law, one count charging rape in the second degree in violation of section 2010 and one count charging assault second degree in violation of subdivision 5 of section 242. He was sentenced to Attica for an indeterminate term of one day to life. Thereafter upon proceedings instituted in 1963 he was resentenced to a one day to life term. In November, 1967 (28 A D 2d 1202) we vacated this sentence and ordered a new and current psychiatric examination and a proper report which meets the requirements of section 2189-a of the Penal Law as construed by *People* v. *Jackson* (20 A D 2d 170). Following the examination and submission of the report, a hearing was held in November, 1968 as mandated by *People* v. *Bailey* (21 N Y 2d 588), to determine whether defendant is a danger to society or is capable of being benefited by confinement. The testimony at that hearing and the material in the psychiatrists' report disclose that defendant has received as much individual and group psychotherapy as can be profitable to him in an institutional setting and would not benefit from additional psychiatric treatment in an institution. It also appears that there are no indications of mental illness in this man. With regard to the question of further "danger to society", two psychiatrists who examined defendant in May, 1968

expressed an opinion that nothing can be said with any degree of scientific validity and could not state one way or the other whether defendant would be a danger to society if he is unconditionally released. The third psychiatrist, who became acquainted with this case in 1962, saw defendant 11 times thereafter and examined him in October, 1968, expressed an opinion that defendant is a true alcoholic, that his future mental stability and behavior depend on complete abstinence and to be a constructive and safe member of society there must be supervision which could be provided from the Parole Department and Alcoholics Anonymous, of which he is now a member. Upon this record we conclude that defendant is not such a danger to society to warrant a sentence of one day to life and since he is not capable of being benefited by further confinement should be released under the supervision of the Department of Parole. Pursuant to section 543 of the Code of Criminal Procedure we have the power to modify the judgment. Since the crimes were committed prior to September 1, 1967 they must be punished according to the provisions of the former Penal Law. (Penal Law, § 5.05.) Accordingly, in the interests of justice we suspend sentence on each of the misdemeanor counts and impose an indeterminate sentence *nunc pro tunc* of 5-8 years on the rape count and 2½-4 years on the assault count, to run consecutively. Defendant, having already served his minimum sentence and over two-thirds of his maximum sentence, ought to be immediately released and placed under the supervision of the Department of Parole if he has lived up to the requirements set forth by the institutional authorities. (Cf. Penal Law, § 70.30, subd. 4; § 70.40, subd. 1, par. [b]; Correction Law, § 212; *Matter of Briguglio* v. *Board of Parole,* 24 N Y 2d 21.) (Appeal from judgment of resentence of Ontario County Court on conviction for assault second degree.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.